United States Bankruptcy Court
Central District of California

In re:                                                                Case No. 19-10158-TA
BP Fisher Law Group, LLP                                              Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0973-8           User: gderamusC           Page 1 of 1           Date Rcvd: Jan 16, 2019
                               Form ID: pdf042           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 18, 2019.
db             +BP Fisher Law Group, LLP,    1900 Main Street,    Suite 610,    Irvine, CA 92614-7319

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 18, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 16, 2019 at the address(es) listed below:
              Frank Cadigan    on behalf of U.S. Trustee    United States Trustee (SA) frank.cadigan@usdoj.gov
              Marc C Forsythe    on behalf of Defendant    BP Fisher Law Group, LLP kmurphy@goeforlaw.com,
               mforsythe@goeforlaw.com;goeforecf@gmail.com
              Michael J Hauser    on behalf of U.S. Trustee    United States Trustee (SA) michael.hauser@usdoj.gov
              Robert P Goe    on behalf of Debtor    BP Fisher Law Group, LLP kmurphy@goeforlaw.com,
               rgoe@goeforlaw.com;goeforecf@gmail.com
              United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
                                                                                             TOTAL: 5

FOR COURT USE ONLY

**FILED & ENTERED**

JAN 16 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

In re:

BP FISHER LAW GROUP, LLP

Debtor(s)

CASE NO.: 8: 19-10158 -TA

CHAPTER: 11

**ORDER SETTING SCHEDULING AND CASE MANAGEMENT CONFERENCE**

DATE:  FEBRUARY 27, 2019
TIME:  10:00 A.M.
COURTROOM:  5B
PLACE:  U.S. Bankruptcy Court
        Ronald Reagan Federal Building
        411 W. Fourth Street
        Santa Ana, CA 92701

**PLEASE TAKE NOTICE** that, pursuant to 11 U.S.C. § 105(d), the Court will conduct a status conference in the above case at the place and time set forth above.

**PLEASE TAKE FURTHER NOTICE** that, based upon the Court's records and evidence presented at the status conference, the Court may do one or more of the following at the status conference (or at any continued hearing) without further notice:

1. dismiss the case;
2. convert the case to another chapter;
3. order the appointment of a chapter 11 trustee;
4. establish deadlines for the filing of claims, requests for payment of expenses of administration and/or objections to claims;
5. set deadlines for filing or soliciting acceptances of a proposed plan and disclosure statement by the debtor or any other party in interest;
6. fix the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement;
7. provide that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan;
8. set a deadline for confirmation of a plan;
9. set deadlines for compliance with reporting and other chapter 11 debtor in possession requirements;
10. set deadlines for the assumption or rejection of executory contracts or unexpired leases; and/or
11. refer matters to mediation.

This form is for the **EXCLUSIVE** use of the United States Bankruptcy Court, Central District of California, Santa Ana Division.

*May 2010*

**IT IS HEREBY ORDERED** as follows:

1. The debtor in possession BP FISHER LAW GROUP, LLP (or the chapter 11 trustee, if one has been appointed), shall serve a copy of this order on the United States Trustee, all secured creditors, the official committee of unsecured creditors and its counsel (or the 20 largest unsecured creditors, if no committee has been appointed) and any parties that have requested special notice in the cases not less than 24 days prior to the date scheduled for the status conference;

2. The debtor in possession (or the chapter 11 trustee, if one has been appointed) shall file with the court and serve on the parties identified in the preceding paragraph not less that 14 days prior to the date scheduled for the status conference a written status report that includes the following information:

   a. a brief description of the debtor's businesses and operations, if any, and the principal assets and liabilities or each estate;
   b. brief answers to these questions:
      1. What precipitated the bankruptcy filing?
      2. What does the debtor hope to accomplish in this chapter 11 case?
      3. What are the principal disputes or problems likely to be encountered during the course of the debtor's reorganization efforts?
      4. How does the debtor recommend that these disputes be resolved and why?
      5. Has the debtor complied with all of its duties under 11 U.S.C. § § 521, 1006 and 1107 and all applicable guidelines of the Office of the United States Trustee, and, if not, why not?
      6. Do any parties claim an interest in cash collateral of the debtor?
      7. Is the debtor using cash that any party claims as its cash collateral and, if so, on what date(s) did the debtor obtain an order authorizing the use of such cash or the consent of such party?
   c. the identity of all professional retained or to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the dates on which orders were entered in response to such applications, if any, and a general description of the type of services to be rendered by each or the purpose of the employment;
   d. in operating cases, evidence regarding projected income and expenses for the first six months of the case;
   e. proposed deadlines for the filing of claims and objections to claims;
   f. a proposed deadlines for the filing of a plan and disclosure statement; and
   g. a discussion of any significant unexpired leases and executory contracts to which the debtor is a party and the debtor's intentions with regard to these leases and contracts;
   h. if debtor is an individual, whether debtor proposes to combine the hearing on the disclosure statement and plan. See 11 U.S.C. § 105(d)(2)(B)(vi)

###

Date: January 16, 2019

Theodor C. Albert
United States Bankruptcy Judge