1  Marsha A. Houston (SBN 129956)
   Christopher O. Rivas (SBN 238765)
2  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
3  Los Angeles, CA  90071-1514
   Tel: 213.457.8000 / Fax: 213.457.8080
4
   Andrew J. Narod (Pro Hac Vice)
5  T. Sky Woodward (SBN 176615)
   BRADLEY ARANT BOULT CUMMINGS, LLP
6  1615 L Street NW, Ste 1350
   Washington, D.C.  20036
7  Tel: 202.719.8271 / Fax: 202.719.8371

8  Attorneys for Plaintiff Ditech Financial, LLC

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                  **SANTA ANA DIVISION**

12
   In re:                                    Case No. 8:19-bk-10158-TA
13
   BP FISHER LAW GROUP, LLP,
14                                            **MOTION TO DISMISS, OR IN THE
                                              ALTERNATIVE, TO TRANSFER VENUE**
15                         Debtor.

16                                            Date:       February 27, 2019
                                              Time:       10:00 a.m.
17                                            Courtroom:  Courtroom 5B
                                              Place:      United States Bankruptcy Court
18                                                        Central District of California
                                                          411 West Fourth Street
19                                                        Santa Ana, CA 92701-4593
20
21
22
23
24
25
26
27
28

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Ditech Financial LLC ("Ditech") hereby files this motion to dismiss the above-captioned bankruptcy case, or, in the alternative, to transfer venue to the United States Bankruptcy Court for the District of Maryland, and incorporated supporting memorandum of law (this "Motion") and, in support thereof, states as follows:

## I.    **INTRODUCTION**

BP Fisher Group, LLP (the "BP Fisher") is a Maryland law firm formed as a limited liability partnership under the laws of the state of Maryland. Its principal office is in Maryland, as were most of its partners and employees. Its business operations were centered in and around Maryland. Most of its creditors are located near Maryland or understood that they were doing business with a Maryland law firm. BP Fisher is not licensed to do business in California, and, upon information and belief, never did business in California. The only apparent connection to California is the location of one of BP Fisher's partners, Plutos Sama, LLC—which is located in Irvine, California— and which allegedly conducts certain back-office tasks for BP Fisher in Irvine, California.

As will be shown below, this case should be dismissed or transferred to the U.S. Bankruptcy Court for the District of Maryland because (1) venue of this Chapter 11 bankruptcy case in the Central District of California is improper under 28 U.S.C. § 1408, and consequently, it must either be dismissed or transferred pursuant to Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure; and (2) alternatively, pursuant to 28 U.S.C. § 1412 and Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedures, the Chapter 11 Case should be transferred for the convenience of the parties and in the interest of justice.

## II.    **BACKGROUND**

### A.    **The Civil Action**

1.    Ditech fully adopts by reference the facts stated in the Verified Complaint originally filed in the Circuit Court for Prince George's County, Maryland (the "State Court") in Civil Action No. CAL 18-39907 (the "Civil Action"), and attached to the Notice of Removal filed in this Court (AP No. 8:19-ap-01015-TA, Dkt. No. 1, Exhibit 1. Ditech further relies upon the Declaration of Andrew Narod ("Narod Dec."), attached hereto as Exhibit A.

MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2.      BP Fisher is a law firm formed as a domestic Maryland limited liability partnership. BP Fisher's principal office was located at 174 Waterfront Street, Suite 400, National Harbor, Maryland 20745.  *See* Exhibit A-1.  This principal office subsequently moved to 16701 Melford Blvd, Suite 400, Bowie, MD 20715 in late 2018.  On information and belief, BP Fisher is not authorized to conduct business in the State of California and its principal operations at all relevant times have been in Maryland.  Narod Dec. ¶¶ 4-5.

**B.    The Bankruptcy Case**

3.      On January 15, 2019 (the "Petition Date"), BP Fisher filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

4.      As discussed in greater detail below, BP Fisher is a Maryland limited liability partnership with its domicile, residence, principal place of business, and principal assets located in Maryland.  Accordingly, venue of the Bankruptcy Case is not proper in this Court.  *See* 28 U.S.C. § 1408.

5.      BP Fisher is operating its business and managing its financial affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6.      No trustee, committee, or examiner has been appointed in the Bankruptcy Case.

**III.    LEGAL ANALYSIS AND ARGUMENT**

**A.  This Chapter 11 Case Must be Dismissed or Transferred As California Is An Impermissible Venue Under 28 U.S.C. § 1408**

Section 1408 of Title 28 of the United States Code sets forth the venue rules for bankruptcy cases:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district-
>
> (1)      In which the domicile, residence, principal place of business in the United States, or principal, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

1

> (2)    In which there is pending a case under title 11 concerning
> such person's affiliate, general partner, or partnership.

2

3    28. U.S.C. § 1408.  Accordingly, absent an affiliate in bankruptcy, venue for a bankruptcy case is

4    only proper in the district court for the district in which (1) BP Fisher is a resident or (2) domiciled;

5    (3) BP Fisher's principal place of business is located; or (4) BP Fisher's principal assets are located,

6    for the greater of the one hundred and eighty (180) days preceding the commencement of the

7    bankruptcy case.  28 U.S.C. § 1408(1).

8        Venue is not proper in this district under any of these bases set forth in section 1408(1).  As a

9    registered organization,[1] BP Fisher's domicile is in Maryland, the state in which it is registered.  *See*

10   Md. Code § 9-307(e) ("a registered organization that is organized under the law of a state is located

11   in that state")[2]; *see also In re Green Jane, Inc.,* 2017 WL 2312851, at *8 (Bankr. C.D. Cal. May 26,

12   2017) (corporation's domicile is state in which it is incorporated), citing *In re B.L. of Miami, Inc.*

13   294 B.R. 325, 328 (Bankr. D. Nev. 2003).  Maryland, the state of registration, is also BP Fisher's

14   residence. *Green Jane,* 2017 WL 2312851 at *8, citing *Rosenfeld v. S.F.C. Corp.*, 702 F.2d 282, 283

15   (1st Cir. 1983); Md. Code. § 9-307(e).

16       BP Fisher's principal place of business is also in Maryland.  The U.S. Supreme Court has

17   held that a corporate entity's principal place of business, for purposes of federal diversity

18   jurisdiction, is:

19

> [T]he place where the corporation's high level officers direct, control,
> and coordinate the corporation's activities.  Lower federal courts have
> 
20   > often metaphorically called that place the corporation's "nerve center."
> We believe that the "nerve center" will typically be found at a
> 
21   > corporation's headquarters.

22   *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)(citations omitted).  This Court has used the *Hertz*

23   principal place of business test to analyze whether bankruptcy venue is proper under 28 U.S.C. §

24

---

25   [1] A "registered organization" is defined under the Article 9 of the Uniform Commercial Code as "an organization
formed or organized solely under the law of a single state or the United States by the filing of a public organic record
with, the issuance of a public organic record by, or the enactment of legislation by the state or the United States."

26   [2] *See also* Md. Code § 9-307(g) ("A registered organization continues to be located in the jurisdiction specified by

27   subsection (e) or (f) notwithstanding: (1) the suspension, revocation, forfeiture, or lapse of the registered organization's
status as such in its jurisdiction of origin, or (2) the dissolution, winding up, or cancellation of the existence of the
registered organization.")

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  1408.  *See Green Jane*, 2017 WL 2312851 at *7.

2  BP Fisher's "nerve center" is located in Maryland.  As noted by the Supreme Court, the

3  "nerve center" will "typically be found at a corporation's headquarters."  BP Fisher's headquarters

4  are in Bowie, Maryland, and nothing in the record suggests that BP Fisher's "nerve center" has been

5  anywhere other than its headquarters for the majority of the 180-day period preceding the Petition

6  Date.  BP Fisher's most recent prior headquarters, before Bowie, Maryland, was located in National

7  Harbor, Maryland.  BP Fisher's managing partner, Shannon Kreshtool, lives in Owings Mills,

8  Maryland.  BP Fisher's office administrative partner, Andrew Corcoran, owns a residence in Chevy

9  Chase, Maryland.  Both of these attorneys were served with process in Maryland.  Narod Decl. ¶¶ 5-

10  6.  All aspects of BP Fisher's operations were heavily centered in Maryland during the 180-day

11  period preceding the Petition Date.  It wrote and mailed some or all checks from bank accounts in

12  Maryland.  Its principal office is in Maryland.  Its resident agent is in Maryland.

13  On information and belief, the vast majority of the law firm's partners live and practice law

14  in Maryland, and most of its employees live in Maryland.  BP Fisher's partners licensed to practice

15  law in Maryland are members of the Maryland State Bar, subject to the Maryland Rules of

16  Professional Conduct, and subject to Maryland laws for professional malpractice.  BP Fisher's

17  relationship to its clients is similarly governed by Maryland law.  Notably, BP Fisher is not

18  authorized to conduct business in California.  Nor is BP Fisher a law firm that conducts default-

19  related services in California, unlike its substantial activities focused towards Maryland. While BP

20  Fisher might posit that its decisions have been made in Irvine, CA as of recent dates, there is no

21  evidence that BP Fisher's headquarters was ever in California until just before the filing of this

22  bankruptcy petition—if ever.   Venue in California is therefore improper under the "principal place

23  of business" test.

24  Finally, nothing in the record suggests that any of BP Fisher's principal assets are located in

25  California.  According to the Petition, the value of BP Fisher's assets is $50,000 or less. BP Fisher

26  has not yet filed its schedules, and the nature of these assets is not clear from the face of the Petition.

27  But to the extent that the assets constitute cash, upon information and belief BP Fisher's bank

28  accounts were located in Maryland during all or part of the 180 day period preceding the Petition

MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Date.

2        With respect to intangible property, the Ninth Circuit has recognized that "attaching a situs to

3  intangible property is necessarily a legal fiction." *Office Depot v. Zuccarini*, 596 F.3d 696, 702 (9th

4  Cir. 2010).  Therefore, "in determining the location of intangible property for venue purposes, a trial

5  court must adopt a 'context-specific' analysis that employs 'a common sense appraisal of the

6  requirements of justice and convenience in particular conditions." *See In re Blixseth*, 484 B.R. 360,

7  366-67 (9th Cir. B.A.P. 2012), citing *Office Depot*, 596 F.3d at 702.  As further stated by the Ninth

8  Circuit Bankruptcy Appellate Panel, "the 'principal place of assets' should '[l]ogically . . . be

9  construed in a way most resonant with the functional concerns of the administration of the

10  bankruptcy estate [since] all assets in question will be administered by a trustee serving under the

11  jurisdiction of the forum court." *Id.* at 367, citing *In re Murrim*, 461 B.R. 763, 788 (D. Minn. 2012).

12        Thus, where the assets at issue were a debtor's interest in a Nevada LLC and LLP, the

13  *Blixseth* court found that the assets were properly located in Nevada where a creditor seeking to

14  seize a member's interest in the LLC or a partner interest in an LLLP (limited liability limited

15  partnership) would be required to apply to a Nevada court for a charging order.  *Id.* at 368.  Because

16  a creditor seeking to realize the value of the LLC or LLLP interests would be limited to seeking a

17  charging order from a Nevada court, a bankruptcy trustee must also resort solely to the state court to

18  secure a charging order.  *Id.* at 369.  In the view of the Ninth Circuit B.A.P., this was sufficient

19  reason to deem the LLC and LLLP interests to be located in Nevada.  Moreover, since the debtor in

20  *Blixseth* availed himself of the benefits of establishing a Nevada LLC and LLLP, the Court found the

21  debtor's argument against venue in Nevada to be "disingenuous." *Id.* at 370.

22        Here, construing the principal location of the assets "in a way most resonant with the

23  functional concerns of the administration of the bankruptcy estate" favors assigning Maryland as the

24  location of any of BP Fisher's intangibles assets.  BP Fisher's LLP entity itself is registered in

25  Maryland, so creditors seeking to execute on interests in the LLP would need to do so in Maryland

26  courts through the process set forth in the Maryland Uniform Partnership Act.  *See* Md. Code § 9A-

27  504.  More generally, the creditors and counterparties who did business with BP Fisher, and in

28  particular, its clients, believed that they were doing business with a Maryland law firm, and had a

MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

1  reasonable expectation that defending their rights against BP Fisher would not require them to travel

2  2,600 miles across the country.

3        Based on a review of BP Fisher's list of top 20 creditors, half of BP Fisher's top 20 creditors

4  are located within close driving distance of Maryland.  Only one creditor is located in California.  It

5  would not serve the interests of justice to assign California as the location of BP Fisher's intangible

6  assets for venue purposes when BP Fisher availed itself of the benefits of the laws of Maryland in

7  forming the LLP, operated its business in Maryland, maintained numerous business relationships

8  with attorneys, employees, clients, and creditors based primarily in Maryland, and defrauded at least

9  one creditor, Ditech, out of money collected on Ditech's behalf as part of foreclosure proceedings in

10  Maryland's state courts.  A finding that the principal location of BP Fisher's intangible assets is in

11  California – or any state besides Maryland – would be not only a legal fiction (as is always the case

12  when assigning a situs to intangible property) but a legal fiction that undermines "the requirements

13  of justice and convenience" under the facts of this case.  *Blixseth,* 484 B.R. at 366-67.

14        In summary, venue is improper in this district under section 1408 because BP Fisher's

15  domicile is in Maryland, its residence is in Maryland, its principal place of business is in Maryland,

16  and its principal assets are located in Maryland. Courts have routinely held that a bankruptcy court

17  may not retain an improperly venued case.  *See In re Newport Creamery*, 365 B.R. 614, 616 (Bankr.

18  M.D.Fla. 2001) ("If venue is not proper, then the court must consider whether to dismiss the case for

19  improper venue, or, if in the interest of justice or the convenience of the parties, transfer the case to

20  the Rhode Island Bankruptcy Court."), citing Fed. R. Bankr. P. 1014(a)(2); *In re Great Lakes Hotel*

21  *Assocs.*, 154 B.R. 667 (E.D. Va. 1992); *ICMR, Inc. v. Tri-City Foods, Inc.* 100 B.R. 51 (D. Kan.

22  1989); *In re Washington, Perito & Dubuc*, 154 B.R. 853 (Bankr. S.D.N.Y. 1993); *In re Petrie*, 142

23  B.R. 404 (Bankr. D. Nev. 1992); *In re Sporting Club*, 132 B.R. 792 (Bankr. N.D. Ga. 1991); *In re*

24  *Pick*, 95 B.R. 712 (Bankr. D. S.D. 1989).   Because venue is improper in this district, Ditech

25  respectfully requests that the Court dismiss the bankruptcy case for improper venue in accordance

26  with Fed. R. Bankr. P. 1014(a)(2).  In the alternative, Ditech requests that the Court transfer venue of

27  the case to the United States Bankruptcy Court for the District of Maryland.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 7 -

MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

**B. Even If The Court Determines That Venue Is Proper In This District Under Section 1408, the Interests Of Justice And Convenience Of The Parties Require Transfer Of Venue To The District Of Maryland Under 28 U.S.C. § 1412**

Section 1412 of Title 28 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Accordingly, even if a case is filed in the proper district, a court may transfer venue "if the court determines that the transfer is in the interest of justice or for the convenience of the parties." *Green Jane*, 2017 WL 2312851 at *8, citing Fed. R. Bankr. P. 1014.

Courts consider the following factors to determine whether a transfer is in the "interest of justice:" (1) the location of the pending bankruptcy; (2) whether the transfer would promote economic and efficient administration of the bankruptcy estate; (3) whether the interests of judicial economy would be served by the transfer; (4) whether the parties would be able to receive a fair trial in each of the possible venues; (5) whether either forum has an interest in having the controversy decided within its borders; (6) whether the enforceability of any judgment would be affected by the transfer; and (7) whether the plaintiff's original choice of forum should be disturbed. *Id.*, citing *In re Ctyodyn of New Mexico, Inc.*, 374 B.R. 733, 741 (Bankr. C.D. Cal. 2007). To determine whether the convenience of the parties justifies a transfer, courts consider: (1) ease of access to the necessary proof; (2) the convenience of the witnesses and the parties and their relative physical and financial condition; (3) the availability of the subpoena power for unwilling witnesses; and (4) the expense related to obtaining witnesses. *Id.*

Here, the interests of justice overwhelmingly support transfer of venue to the District of Maryland. Transfer to the District of Maryland, where the vast majority of BP Fisher's business operations took place while it was still operating, would promote the economic and efficient administration of the estate. Transfer to Maryland would also serve the interests of judicial economy, particularly because prior to BP Fisher's bankruptcy filing, Ditech filed an action in Maryland State Court against BP Fisher and various non-debtor parties. In terms of fair proceedings, while Ditech has no doubt that the parties would receive fair treatment in both this Court and the Maryland bankruptcy court, there is no compelling reason for the case to proceed in

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

1  this Court when the vast majority of stakeholders are located in or near Maryland. Further,

2  Maryland has a far more compelling interest in deciding the case within its borders, as not only do

3  the majority of stakeholders reside in Maryland, but serious fraudulent activity concerning state-

4  regulated attorneys is alleged to have taken place in Maryland in the months leading up to the

5  bankruptcy filing. Maryland has an interest in addressing these local issues in state and federal

6  courts sitting in Maryland. Transfer will not affect the enforceability of any judgments. Finally—

7  and significantly—any deference to BP Fisher's choice of venue should be deeply discounted under

8  the facts here, where there is reason to believe that BP Fisher intentionally chose a forum across the

9  country from most of its stakeholders to further defraud or inconvenience the parties already most

10  harmed by BP Fisher's malfeasance.

11         The convenience of the parties is also best served by a transfer of venue to the District of

12  Maryland. Virtually all of BP Fisher's business activities took place in Maryland, and its principal

13  place of business was in Maryland, so access to necessary proof will necessarily be easier in

14  Maryland. Most of BP Fisher's creditors, employees, and partners are located in or near Maryland; at

15  a minimum, Maryland is a far more convenient location for far more stakeholders than California.

16  According to BP Fisher's schedule, only one of its top 20 creditors is located in California. Only a

17  handful are located west of the Mississippi River. The vast majority are located in Maryland, the

18  mid-Atlantic, or elsewhere along the East Coast. Exhibit A-2, attached hereto, shows the

19  geographic spread of BP Fisher's top 20 creditors. Given the location of most of these stakeholders,

20  transfer to the District of Maryland will facilitate the availability of subpoena power for unwilling

21  witnesses, and will reduce the expenses relating to obtaining witnesses. Perhaps the only

22  witnesses convenienced by this venue are one of BP Fisher's partners, Plutos Sama, LLC, and

23  Plutos Sama's members.

24                              **IV.    <u>CONCLUSION</u>**

25         For the foregoing reasons, venue is improper in this district, and the Bankruptcy Case should

26  be dismissed, or transferred to the District of Maryland. Ditech respectfully requests that the Court:

27         A.    Grant this Motion in its entirety;

28         B.    Dismiss the Bankruptcy Case on the basis that venue is improper under 28

MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    U.S.C. §1408(1) and Fed.R.Bank.P. 1014(a)(2); or

2    C.    Transfer venue to the United States Bankruptcy Court for the District of

3          Maryland under Fed. R. Bank. P.1014(a)(2); or

4    D.    Transfer venue to the United States Bankruptcy Court for the District of

5          Maryland under 28 U.S.C. §1412 and Fed.R.Bank.P.1014(a)(1); and

6    E.    Grant such other, further or different relief as may be just and proper.

7

8

9                                          Respectfully submitted,

10   DATED: February 6, 2019                REED SMITH LLP

11

12                                          By____/s/ Christopher O. Rivas_____
                                                Marsha A. Houston
13                                              Christopher O. Rivas

14                                          and

15                                          BRADLEY ARANT BOULT CUMMINGS, LLP

16                                              T. Sky Woodward (SBN 176615)
                                                Andrew J. Narod (*Pro Hac Vice*)
17                                              1615 L Street, N.W., Ste. 1350
                                                Washington, DC  20036
18                                              Tel: (202) 719-8271
                                                Fax: (202) 719-8371
19                                              E-mail: anarod@bradley.com
                                                E-mail: swoodward@bradley.com
20
                                            Attorneys for Ditech Financial, LLC
21

22

23

24

25

26

27

28

MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

# Exhibit A

Marsha A. Houston (SBN 129956)
Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Tel: 213.457.8000 / Fax: 213.457.8080

Andrew J. Narod (Pro Hac Vice)
T. Sky Woodward (SBN 176615)
BRADLEY ARANT BOULT CUMMINGS, LLP
1615 L Street NW, Ste 1350
Washington, D.C. 20036
Tel: 202.719.8271 / Fax: 202.719.8371

Attorneys for Plaintiff Ditech Financial, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>BP FISHER LAW GROUP, LLP,<br><br>                    Debtor. | Case No. 8:19-bk-10158-TA<br><br>**DECLARATION OF ANDREW J. NAROD IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**<br><br>Date:       February 27, 2019<br>Time:       10:00 a.m.<br>Courtroom: Courtroom 5B<br>Place:       United States Bankruptcy Court<br>              Central District of California<br>              411 West Fourth Street<br>              Santa Ana, CA 92701-4593 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

I, Andrew J. Narod, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      My name is Andrew J. Narod.  I am one of the attorneys for Ditech Financial, LLC and have represented Ditech Financial, LLC in a matter against BP Fisher Law Group, LLP over the past four months.

2.      I am over the age of twenty-one years, and I am authorized and competent to testify to the matters contained herein.

3.      I give this Declaration in support of Ditech's Motion to Dismiss or Transfer this bankruptcy proceeding.

4.      I have reviewed the State of California's business registration records, and my review has demonstrated that BP Fisher is not authorized to conduct business in the State of California.

5.      BP Fisher's operations at all relevant times have been located in National Harbor, Maryland, and, subsequently, Bowie, Maryland.

6.      BP Fisher's managing partner, Shannon Kreshtool, lives in Owings Mills, Maryland. BP Fisher's office administrative partner, Andrew Corcoran, owns a residence in Chevy Chase, Maryland.  Both of these attorneys were served with process in Maryland in Ditech's matter against BP Fisher Law Group.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this ⁵th day of _Fehrvary_, 2019, in Washington, D.C.


_____
Andrew J. Narod

**Exhibit A-1**

 

# ⊙ Maryland Business Express

|  🏠  Home  |  🔓  Log In / Create Account  |

## BP FISHER LAW GROUP, LLP: A16862302

**General Information** | Filing History | Annual Report/Personal Property

## General Information

**Department ID Number:**
A16862302

**Business Name:**
BP FISHER LAW GROUP, LLP

**Principal Office:**
174 WATERFRONT STREET
SUITE 400
NATIONAL HARBOR MD 20745

**Resident Agent:**
ANDREW CORCORAN
174 WATERFRONT STREET
SUITE 400
NATIONAL HARBOR MD 20745

**Status:**
ACTIVE

**Good Standing:**
THIS BUSINESS IS **NOT IN GOOD STANDING**

What does it mean if a business entity is not in good standing or forfeited?

» Order Certificate of Status

**Reason(s) Entity is NOT in Good Standing:**

Personal Property: $67 Penalty Due for 2018

**Details**

**Business Type:**
DOMESTIC LLP

**Business Code:**
20 ENTITIES OTHER THAN
CORPORATIONS

**Date of Formation/ Registration:**
11/02/2015

**State of Formation:**
MD

**Stock Status:**
N/A

**Close Status:**
N/A

🔍 **New Search**    Order Documents

Privacy and Security Policy | Accessibility Policy

**FOR FILING AND BUSINESS RELATED QUESTIONS**
Maryland Department of Assessments & Taxation
410-767-1184 | Outside the Baltimore Metro Area: 888-246-5941
Maryland Relay: 800-735-2258

**FOR TECHNICAL QUESTIONS AND SUPPORT**
NIC Maryland, eGov Services Partner of the Department of Information Technology (DoIT) and
Maryland.gov
» Click for 24/7 Support

🔒 Maryland.gov SECURED

**Exhibit A-2**

## Location of Debtors Top 20 Creditors
### (Source:  BP Fisher Law Group, LLP Voluntary Petition)



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Reed Smith LLP 355 S. Grand Ave., Ste. 2900 Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): _____
MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE; DECLARATION OF ANDREW NAROD
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
February 6, 2019___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- Frank Cadigan     frank.cadigan@usdoj.gov
- Marc C Forsythe     kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
- Robert P Goe     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- Marsha A Houston     mhouston@reedsmith.com
- Brian D Huben     hubenb@ballardspahr.com, carolod@ballardspahr.com
- Christopher O Rivas     crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- Najah J Shariff     najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- Amelia B. Valenzuela     avalenzuela@wedgewood-inc.com, dmarcus@wedgewood-inc.com;aguisinger@wedgewood-inc.com

☐   Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) February 6, 2019__, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 6, 2019___, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

**VIA OVERNIGHT MAIL:**
Honorable Theodor C. Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          **F 9013-3.1.PROOF.SERVICE**

Frank M. Cadigan
Office of The United States Trustee
411 West Fourth Street
Suite 7160
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 6, 2019 | Gilda S. Anderson | /s/ Gilda S. Anderson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**